UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, *et al.*,

        Plaintiffs,

v.

        Case No. 25-cv-860-pp

BMD CONCRETE INNOVATIONS, LLC,

        Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE**

---

On June 17, 2025, the plaintiffs filed a complaint alleging that the defendant violated the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act of 1947 by failing to make payments to the plaintiff funds as required by the applicable collective bargaining agreements. Dkt. No. 1. Though the declaration of service filed by the plaintiffs' process servicer avers that he served the complaint on the defendant's registered agent on June 29, 2025, dkt. no. 4, the defendant has not appeared or answered. On July 28, 2025, the plaintiffs asked the clerk to enter default, dkt. no. 6, and the clerk did so that same day. The plaintiffs then filed this motion for default judgment. Dkt. No. 10. The court will grant the plaintiffs' motion and dismiss the case.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The declaration of service avers that the plaintiffs' process server served Matthew Mayotte, the defendant's registered agent, with the summons and complaint on June 29, 2025.[1] Dkt. No. 4. Service on a registered agent is a proper form of service on a limited liability company. See Fed. R. Civ. P. 4(h)(1)(B) (allowing service on a registered agent). The plaintiffs properly served the defendant with the summons and complaint well within the ninety-day period set by Fed. R. Civ. P. 4(m). The defendant's deadline to respond to the complaint was July 21, 2025; twenty-one days after service was July 20, but because that was a Sunday, the defendant's response deadline would have been extended to the following Monday. The defendant did not respond by July 21 or request an extension of time to do so; it has not responded at all. The clerk's entry of default was proper.

## II. Plaintiffs' Motion for Default Judgment

After the clerk enters default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not

---

[1] The Wisconsin Department of Financial Institutions website shows that Mayotte is the registered agent for BMD Concrete Innovations, LLC. https://apps.dfi.wi.gov/apps/corpSearch (search term "BMD Concrete Innovations," last visited September 7, 2025).

2

deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The well-pleaded allegations of the complaint demonstrate that the defendant is a party to multiple collective bargaining agreements (CBAs) with Local 139 of the International Union of Operating Engineers, as well as various trust agreements incorporated by reference in the CBAs. Dkt. No. 1 at ¶¶4–5. Under both the CBAs and the trust agreements, the defendant was, among other things, obligated to make benefit contributions to the plaintiff funds. Id. at ¶¶6–7. The complaint alleges that the defendant breached its obligations to the plaintiffs by failing to make payment of contributions, liquidated damages, interest and audit fees based on an audit of the defendant's payroll records. Id. at ¶8. The complaint also alleges that the defendant failed to remit payroll deductions to the union and to the Joint Labor Management Work Preservation Fund for dues. Id. at ¶¶16, 20–21.

The well-pled allegations of the complaint and supporting exhibits establish liability. e360 Insight, 500 F.3d at 602. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, liquidated damages, interest and reasonable attorneys' fees and costs of the suit. 29 U.S.C. §1132(g)(2). The

3

court must conduct an inquiry to determine whether the plaintiffs have calculated the amount of damages with reasonable certainty. e360 Insight, 500 F.3d at 602. In support of their motion for default judgment, the plaintiffs submitted an itemization of damages and the plaintiff funds' audit reports. Dkt. Nos. 12, 14-7. An affidavit from the plaintiff funds' Fund Administrator, Rita Becker, states that after partial payment, the defendant still owes the funds $2,057.55 in fringe benefit contributions plus $4,702.12 for delinquent payment assessments and $1,262.21 in interest for the period of July 1, 2024 through December 31, 2024. Dkt. No. 14 at ¶7.

As for attorneys' fees and costs, the plaintiffs provided an affidavit from their in-house counsel, Cynthia Buchko. Dkt. No. 13. "[A]warding attorneys' fees 'for in-house counsel [is] appropriate where counsel is performing legal work that would otherwise be performed by outside counsel.'" Seventh Ave., Inc. v. Shaf Int'l, Inc., Case No. 16-CV-325-PP, 2018 WL 1183741 (E.D. Wis. Mar. 7, 2018) (quoting Procter & Gamble Co. v. Weyerhaeuser Co., 711 F. Supp. 904 (N.D. Ill. 1989)). Buchko's affidavit asserts that had she refrained from litigating this case, the plaintiffs would have had to engage outside counsel. Dkt. No. 13 at ¶8. The affidavit includes a breakdown of tasks completed and time spent on the case, with Buchko calculating that she expended a total of 3.8 hours at a rate of $210 per hour. Id. at ¶2. This reflects a total of $798 in attorneys' fees and $580 in costs for case opening fees and service of process. Id. at ¶¶2, 9. The court finds these fees and costs to be reasonable and will award the plaintiffs $1,378 in attorneys' fees and costs.

The court will enter judgment in favor of the plaintiffs in the total amount of $9,399.88. The evidence provided by the plaintiffs sufficiently establishes these calculations and total amounts, so a hearing is unnecessary.

4

See e360 Insight, 500 F.3d at 602 (stating a hearing to determine damages is not necessary if the claimed amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

### III. Conclusion

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 10.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiffs and against the defendant in the amount of $9,399.88.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 8th day of September, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**